Legal Mail
Provided to Florida State Prison on
7 31 2S for mailing by _KA___KA____

IN AND FOR THE UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
207 N.W. SECOND ST. ROOM 337
OCALA, FL  34473

5:23-cv-490-JLB-PRL

STATE OF FLORIDA

VS

KENNETH MCCLELLEN ADKINS

CASE NO CF 2021000782(A)

FILED

PETITION UNDER 28 U.S.C.
§ 2254 FOR WRIT OF HABEAS CORPUS

ORIGINALLY PRESIDING AT THE
CITRUS COUNTY COURTHOUSE
WITH
THE HONORABLE RICHARD HOWARD
ON THE BENCH
MRS. CHARITY BRADDOCK & ED SPAIGHT
ACTING AS PRESIDING COUNSEL
LOCATED AT
110 N. APOPKA AVENUE
INVERNESS, FL 34450

PLEASE BE ADVISED PETITIONER HAS FILED 3.850 @ CIRCUIT LEVEL
NO—RESPONSE

TABLE OF CONTENTS

- TESTIMONIAL STATEMENT OF FACTS AFFIDAVIT          1

  PETITION UNDER 28 U.S.C. § 2254 FOR A
  WRIT OF HABEAS CORPUS          5

- GROUND ONE          11

  CONVICTION OBTAINED BY THE UNCONSTITUTIONAL
  FAILURE OF THE PROSECUTION TO DISCLOSE TO THE
  DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT

- GROUND TWO          18

  CONVICTION OBTAINED BY AN OUTDATED JURY
  INSTRUCTION

- GROUND THREE          20

  CONVICTION OBTAINED BY A VIOLATION OF THE
  PROTECTION AGAINST DOUBLE JEOPARDY PROSECUTOR
  VINDICTIVENESS

- GROUND FOUR          26

  INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF
  THE VI AMENDMENT

- OATH          38

- CERTIFICATIONS AND ACKNOWLEDGEMENT          39

- CERTIFICATE OF MAILING          40

PETITION

UNDER 28 U.S.C.

§ 2254

FOR A

WRIT OF HABEAS CORPUS

COMES NOW, THE PETITIONER, Kenneth McClellen Adkins, pro se, on his own free will & accord, & of sound mind, not on any medications effecting his thinking capabilities, & or judgments, to lay out a testimonial statement of the facts of the truth. The whole truth, & nothing but the truth so help me god.

If Petitioner had not been affirmatively advised not to testify, due to counsel, saying that, Petitioner's word is not credible—these statements of facts would have been Petitioner's official testimony.

Furthermore, these statements of fact are an exact history of the chain of events, which led Petitioner into a "stand your ground" self defense/life or death scenario. Which to help the people & the court portray a complete picture of how Petitioner was robbed, assaulted, boxed in, & finally defended himself, to protect life & limb.

If Petitioner, would have been permitted to state these facts to the people & the court & allotted the opportunity to cross examine witnesses, Petitioner clearly would have been exonerated on all charges—which in fact he was except for the clear Brady violation & the prosecutorial vindictiveness of the illegal amended information at trial with out rearraignment & nor time for trial preparation.

1

Petitioner, initially was & still is the victim in this case. Petitioner was in the process of a civil service, assisting a fellow tax payer & working man at a construction site, to get traction back to his rig while inquiring at site for employment. Petitioner had no way of knowing the man had evil & harmful intentions. When Petitioner's property was stolen (his son's cleat, petitioner was in process of delivering), by the individual he was assisting.

Petitioner, immediately backtracked at least one mile, to give the man the benefit of the doubt. Upon arrival back at the site, Petitioner, asked the man "What had he done with Petitioner's son's belongings?" The man grabbed his shovel in a hostile & aggressive manner & became belligerent with Petitioner instilling fear as he (the individual) was further enclosing the weaponless Petitioner. Petitioner is no coward, nor ignorant to the fact that if he didn't figure something quick & arm himself for defense that things were not going to end well for Petitioner. Petitioner found a ruler sized piece of rebar, compared to a shovel, advanced, jumped in the air, screamed, never made contact, & barely escaped with life & unscathed... Propertiless.

Petitioner, goes above & beyond to protect women, children, & the elderly. Unless, provoked, or life & limb hang in the balance.

2

Petitioner, was forthright & completely honest, because the truth fears no investigation.

Petitioner, who was prejudiced by his previous, felonious, history, was apprehended for aggravated battery with a deadly weapon. There was no battery (Double Jeopardy violation). There was no weapon in evidence, no DNA, nor fingerprints. Only a truthful & steroidal induced intoxicating statement from the victim—the Petitioner—Mr. Adkins, who was clearly standing his ground in fear of his life—in self defense. The other man was not apprehended for the theft or his initial assault against Petitioner.

History or not, Petitioner, is a land owning, tax paying citizen just as the rest of the local community & bound by equal protection of the laws & should be treated as such. Not & , nor deprived of life, liberty, property, or due process of law, without just compensation.

This manifest injustice originates with the C.C.S.O. & then finalizes in the court room from clear constitutional violations on behalf of the Prosecutor as well as clear & deficient performance on behalf of Petitioner's counsel at the trial process in it's entirety. These testimonial statements of fact might be irrelevant, but Petitioner feels that the people have a right to know. As well as securing them for preservation of record.

3

Furthermore, Petitioner wishes to bring the people up to speed as Petitioner was improperly & affirmatively advised not to testify on his behalf —claiming his oath bound word was not credible.

Petitioner, was honest from the start. Petitioner, is serving 10 years for honesty & was wrongfully & unconstitutionally convicted. Petitioner, is NO LIAR.

The aforementioned would have been his testimony & Petitioner would have been able to portray a clear reenactment, showing his initial assault against himself to defend himself to the jury, let alone, cross-examined the other individuals producing false statements against Petitioner.

Petitioner, was being prescribed psychotropic medications during the entirety of the court & trial process affecting his capabilities & better judgment—period. Counsel never took any of this into consideration. This can be verified with Dr. North at the C.C.D.F. Petitioner is no longer on medications.

IN AND FOR THE UNITED STATES DISTRICT COURT OF MARION
COUNTY ORIGINALLY PRESIDING IN THE
FIFTH JUDICIAL CIRCUIT COURT OF CITRUS COUNTY
RESIDING IN THE GREAT STATE OF FLORIDA

STATE OF FLORIDA,

     VS.                          CASE NO. CF 2021000782(A)

KENNETH MCCLELLEN ADKINS

_____/

PETITION UNDER 28 U.S.C. § 2254 FOR A
WRIT OF HABEAS CORPUS

Comes now, Petitioner, Mr. Kenneth McClellen Adkins, pro se, on his own freewill of accord & sound mind. Petitioner, humbly seeks to move this Honorable Court to serve justice to correct manifest injustices of procedural errors & clear & absolute constitutional violations of the Constitution of the Great State of Florida as well as The Republic of the United States of America.

"We the People of the United States of America, in order to form a more perfect Union, Establish Justice, insure domestic tranquility, provide for the common defense, promote the general welfare, and secure the Blessings of Liberty to ourselves and our posterity, do ordain and establish this Constitution for the Republic of the United States of America."

## ARTICLE VI
## CLAUSE II
## SUPREMECY OF THY
## LAW

This Constitution, & the laws of the United States which shall be made in pursuance there of; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and judges in every state shall be bound thereby, nything in the Constitution or laws of any state to the contrary notwithstanding.

## V
## AMENDMENT

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

## VI
## AMENDMENT

In all criminal prosecutions, the accused shall enjoy the right to a

speedy & public trial, by an impartial jury of the state & district wherein the (alleged) crime shall have been committed, which district shall have been previously ascertained by law, & to be informed of the nature & cause of the accusations; to be confronted with witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense. (In which according to Black's Law Dictionary... Must & ought be effective).

## XIV CL.I
## AMENDMENT

All persons born or naturalized in the United States, & subject to the jurisdiction thereof, are citizens of the United States & of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of Life, Liberty, or Property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## § 2254

A prisoner in court under sentence of a court established by an act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

8

States of America, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Petitioner, Mr. Kenneth McClellen Adkins, was found guilty on illegal amended information at trial on April 18th, 2022 and sentenced to 10 years as an H.F.O. in the Department of Corrections due to loss at trial in the Citrus County Courthouse located at 110 N. Apopka Ave. Inverness, Fl 34450.

Petitioner was apprehended for aggravated battery with a deadly weapon. He was found innocent.

Petitioner was found guilty for newly added amended charging information of aggravated assault with a deadly weapon.

Petitioner's plea was not guilty.

Petitioner had a trial by jury.

Petitioner did not testify at trial as he was improperly and affirmatively advised by his counsel not to—stating that his bound by oath word would not be credible.

Petitioner did appeal from the judgment of conviction but had no say

9

nor participation in it what so ever.

The Fifth District Court of Appeals located in Daytona Beach, Fl. The result was affirmed with trial court. On September of 2022.

Petitioner has not filed any previous motions, petitions, applications, etc. with respect to this case.

## · GROUND ONE ·
## CONVICTION OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE TO THE DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT

Under Brady, the government's suppression of favorable evidence (evidence period) violates a defendant's due process rights under U.S. Const. Amend. XIV. Therefore, error(s) involving the suppression of evidence in violation of Brady raises issues of Constitutional Magnitude. As such, determining whether a reasonable probability exists that the disclosure of the suppressed evidence would have changed the out come of the trial is a mixed question of law and fact. The standard—requires an independent review of the legal question of prejudice while giving deference to the trial court's factual findings and ensures the uniform application of the law.

In Brady, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. The United States Supreme Court has also written that regardless of the request by defendant, favorable evidence is material and Constitutional error results

from it's suppression by the government, if there is reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

Although defendants waive the right to pretrial discovery under the Florida Rules of Criminal Procedure, and thus there is an obligation upon defendant to exercise due diligence pre trial to obtain information, the focus in post-conviction Brady-Bagley analysis is ultimately the nature and weight of undisclosed information. The ultimate test in backward-looking post conviction analysis is whether information which the State possessed and did not reveal to the defendant and which information was thereby unavailable to the defendant for trial, is of such a nature and weight that confidence in the outcome of the trial is undermined to the extent that there is a reasonable probability that had the information been disclosed to the defendant, the result of the proceeding would have been different.

In Brady, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. The duty to disclose such evidence is applicable even though there has

been no request by the accused, and that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Moreover, the rule encompasses evidence known only to police investigators and not only the prosecutor. In order to comply with Brady evidence (as well as not suppress any from defendant—denying discovery material) known to the others acting on the government's behalf. Including the police.

The American prosecutor plays a special role in the search for truth in criminal trials. A prosecutor is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as it's obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.

The term "Brady Violation" is sometimes used to refer to any breach of the broad obligation to disclose exculpatory evidence—that is, to any suppression of so-called "Brady Material"—although, strictly speaking, there is never a real "Brady Violation" unless the non-disclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict. There are three components of a

13

true Brady-Violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.

The defendant, to show a Brady Violation, must show: (1). That the State possessed evidence favorable to him.

(1). All evidence is favorable to Petitioner and Defense Counsel for trial preparations. Evidence is community material so to speak. The same evidence that the defense uses on its behalf "in favor of", is the same evidence that the State uses for obtaining conviction.

(2). That the evidence was suppressed.

(2). Petitioner was denied all particulars of evidence for trial preparations. Motion for Discovery was filed by Petitioner—Never Received. No Audio, No Pictures, No Depositions, Nor any witnesses for that matter. Violation of Fla.R.Crim.P. 3.220(a)(1)(iii).

(3). That he did not possess the favorable evidence nor could he obtain it with any reasonable diligence.

(3).Petitioner, was incarcerated. Petitioner exerted all due diligence to obtain the required evidence by the filing of motion for discovery. That

14

Petitioner, never received, Nor counsel, never received material either.

(4). That had the evidence been disclosed to the Petitioner, a reasonable probability exists that the outcome of the proceedings would have been different.

(4). Of course the probability exists that the outcome would have been different. It shows at trial. Petitioner was acquitted on original charge & information. Had Petitioner, had the evidence to prepare for the same offense that he was twice put in jeopardy, he would have been able to defend against & prove his innocence of the illegally added amended information that he was never rearraigned for and would be free from conviction and sentence. The amended information at trial after an affirmatively advisal by counsel to reject plea was error, & unconstitutional, & prosecutorial vindictiveness.

Withheld information, even if not itself admissible, can be material under Brady in its disclosure would lead to admissible substantive or impeachment evidence.

Whenever the governments case depends almost entirely on the testimony of one witness, without which there can be no conviction, that witness's credibility is an important issue in the case.

15

In reviewing the impact that withheld materials might have on defendants, courts must assess the cumulative effect of the evidence. In otherwords, courts should assess the importance of the suppressed materials taken together. In addition, courts should consider not only how the State's supression of favorable information deprived the defendant of direct relevant evidence but also how it handicapped the defendant's ability to investigate or present other aspects of the case.

Fla.R.Crim.P. 3.220(a)(1)(iii) requires the State to discuss to defense counsel, within 15 days after written demand, statements made by the accused together with the name and addresses of each witness to the statements along with any other evidence in list form & or pictures & audio. Joseph Griffis, Appellant v. State of Florida, Appellee—Court of Appeals of Florida, First District 472 So.2d 834; 1985 Fla. App.Lexis 14989; 10 Fla.L.Weekly 1710 No. BC-410 July 10, 1985. Reverse and Remanded.

The right of an accused in a criminal trial to due process. In essence, the right to a fair opportunity to defend against the State's accusation. The constitutional guarantees to due process are not a constitutional guarantee to a perfect trial. It is not enough that the action of the trial court was wrong or even universally condemned. The accused must establish that a right

16

guaranteed by the U.S. Constitution Amendment XIV was violated & finding a violation under due process clause requires that the error "so infected" the entire trial that the resulting conviction violates due process.

The Brady violation by the State depriving Petitioner of all the entirety of discovery material is a clear & absolute constitutional violation. Infecting the entirety of the outcome.

Thus in effect the violation of Fla.R.Crim.P. 3.220(a)(1)(iii) leads to a direct constitutional violation as well, further intoxicating the entirety of the trial & outcome of it. Denying Petitioner & counsel any particulars for a proper & well established defense for preserving petitioner's innocence as well as any preservations needed for the record.

17

## · GROUND TWO ·
### CONVICTION OBTAINED BY
### AN
### OUTDATED JURY INSTRUCTION

See Fla. Std. Jury Inst. Crim. 3.6(f).

Generally, a defendant must raise a contemporaneous objection to the jury instructions to prevent an issue for appellate review. If the defendant fails to object at trial, then the defendant may raise the issue on appeal only if fundamental error occurred.

Where a trial judge gives an instruction that is an incorrect statement of law and necessarily misleading, to the jury, and the effect of that instruction is to negate the defendant's only defense, it is fundamental error and highly prejudicial to the defendant.

Under Fla.R.Crim.P. 3.371, it is within a trial court's descretion to allow jurors to ask questions during trial. Trial courts are cautioned, however, to follow all of the procedures outlined in rule 3.371 if they exercise discretion to allow such questions during a criminal jury trial.

As in John Rynell Richards v. State of Florida (2nd DCA) 39 So.3d 431, 2010 Fla.App.Lexis 9563; 35 Fla.L.Weekly D 1444 Case No. 2D08-5553 June 30, 2010 opinion filed. The trial court improperly used an outdated jury instruction concerning his defense of the justifiable use of

18

force, and that, accordingly, it committed an error when it told jurors he had a duty to retreat before using force. (Petitioner was closed in and had to defend in order to retreat to the only entrance/exit). Because the trial court fundamentally erred in using an outdated jury instruction concerning duty to retreat as part of defendant's defense of the justifiable use of deadly force, defendant was entitled to a new trial.

Petitioner, clearly remembers hearing in open court that he had a duty to retreat before using force. Thus in effect was an fundamental error.

## · GROUND THREE ·
CONVICTION OBTAINED BY A VIOLATION
OF THE PROTECTION AGAINST
DOUBLE JEOPARDY
PRSECUTOR VINDICTIVENESS

The filing of an amended information has the effect of vitiating the earlier information.

One does not confer jurisdiction of the subject matter by consent, acquiescence, or waiver if none exists.

When the amendment to an information is a matter of substance, the information should be assigned anew by the prosecutor, sworn to by him, and filed again with the clerk: and there must be a new arraignment, and new opportunity to plead. If already at trial, the jury should be reselected and resworn upon the new issues joined.

The Florida Constitution permits trial for criminal offenses only when there has been a presentment, information, or indictment (with certain exceptions). Fla. Const. Art. 1, § 15. Given that provision, no court has jurisdiction to try an offense when the defendant is not charged by a presentment and valid information in the instance of a crime which may be charged by information.

Petitioner, was originally apprehended on and charged for aggravated

20

battery with a deadly weapon. Months later Petitioner was notified of newly added information. Petitioner was charged with original information pertaining to one charge, for one offense, during one incident, on the same date. At trial the State added newly added amended charging information without rearrest nor re-arraingnment. Adding an second offense for the same incident on the same date is not only prosecutorial vindictiveness but also puts Petitioner twice of limb, life, & property in jeopardy. For the fact that Petitioner was going to be acquitted for self defense.

A clear Fifth Amendment violation further resulting in a Fourteenth Amendment violation.

Furthermore, Petitioner was never rearrested nor rearraigned on the newly added information thus securing Double Jeopardy violation. One charge for one offense of the same incident on the same date is correct. By adding a charge out of thin air (due to going to be acquitted at trial) is illegal, fundamental error, and prosecutorial vindictiveness. For the fact Petitioner was affirmatively advised to reject plea for original information— which he rejected thus in effect new information would never had ensued. The State acted in unconstitutional prosecutorial vindictiveness in order to obtain the conviction.

Petitioner, was acquitted on original charge, then illegally found guilty on second charging information—with same jury—& at same trial, thus putting Petitioner twice in jeopardy. How anyone can not interpret that, is beyond Petitioner. One plus one is two.

Let's run through this one more time ladies and gentlemen. Petitioner, was originally apprehended on & charged for aggravated battery with a deadly weapon. Petitioner was acquitted at trial for that charge. Petitioner's Fifth Amendment right pertaining to double jeopardy clause was initially violated at trial concerning an amended charging information, adding a new charge in violation of Fla. Const. Art. 1, § 15. Months after the arrest, never rearraigning, never selecting new jurors, never severing for new trial, thus putting Petitioner twice in jeopardy for the same offense. The amended added charge is not a lesser including. It was self defense from the start. There was no battery. There was no weapon in evidence. The State had no case. So they unconstitutionally added another charge at trial to obtain a conviction. Prosecutorial vindictiveness. Petitioner was going to be set free (acquitted) due to innocence, self defense, & lack of evidence. The State violated due process & the protection clause of double jeopardy all in order to obtain a malicious & unconstitutional conviction.

22

Once the new information was added at trial, Petitioner's rights were completely violated & fundamental error thus transpired by not rearresting, rearraigning, nor allotting for further trial preparations, amongst no new jury selection. Petitioner should have been tried separately for new charging information.

After counsel affirmatively advised Petitioner to reject the plea & proceed to trial, the State's Attorney proceeded in prosecutorial vindictiveness.

Petitioner rejected the plea from State of 5 years for a crime he did not commit & for self defense. The results at trial clearly show this.

Prosecutor, was obviously & clearly scorned by the Petitioner's exercising of his rights & the rejection of the plea & knew that professionally he had a losing case at trial amongst already depriving Petitioner & Counsel discovery material. So he covered his tracks & secured his paycheck & record by maliciously adding new information & resuming with original trial for original charge. Vindictive error.

Amended informations are common... but technically you must be re-arraigned; timing is also an issue.

Counsel failed miserably in not objecting to any of these procedural errors & constitutional violations at the State & Federal level. Clear &

23

absolute deficient performance.

It is not the job of the Petitioner to object to anything for he is not licensed to practice law. It is the highly educated & well trained professional's job to effectively assist Petitioner. Defendant(s) can not be held accountable for not objecting to anything. Even when Petitioner tried he was scorned & scolded by Ed Spaight & told to shut up

In Hunter v. State, 358 So.2d 557 (Fla 4th DCA 1978), this court likewise rejected any person based on appellants failure to challenge the charging instrument, similarly because the defect of the charging document "affected the very jurisdiction of the circuit court to proceed to trial" I.D. at 558 N. 1.

We hold here that the principle of invited error does not overcome lack of jurisdiction. The lack of jurisdiction arises from a vital provision of our declaration of rights, & there is no way to waive lack of jurisdiction. Siting Jackie Anderson v. State (FL 4th DCA 1988).

The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusation. The constitutional guarantees to due process are not a constitutional guarantee to a perfect trial. It is not enough that the action of

the trial court was wrong or even universally condemned. The accused must establish that a right guaranteed by the U.S. Constitution Amend. XIV was violated & finding a violation under the due process clause requires that the error "so infected" the entire trial that the resulting conviction violates due process.

Everything stated thus far & furthermore pertains to these constitutional violations. In which contributed to the wrongful & unconstitutional conviction of Petitioner. A violation of due process.

The United States Supreme Court has established (2) standards of proof of prosecutorial vindictiveness. Under the first standard, a defendant may prove by objective evidence that a prosecutor has acted with "actual vindictiveness" to punish him for exercising his constitutional rights. United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed. 2D 74 (1982). Under the second standard, a defendant may present proof which establishes a presumption that there is a realistic likelihood of vindictiveness. Once this presumption is established, the burden of proof shifts to the State to overcome the presumption with objective evidence justifying the prosecutorial action. See Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed. 628 (1974).

25

### · GROUND FOUR ·
### INEFFECTIVE ASSISTANCE OF COUNSEL
### IN VIOLATION OF THE VI AMENDMENT

The framework for analyzing claims of ineffective assistance of counsel was articulated in Strickland v. Washington: First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning, as the "counsel", guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it can not be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. 466 U.S. 668, 687, 1045, S.Ct. 2052. 80 L.Ed.2d 674 (1984).

Counsel waived Petitioner's right to a speedy & public trial against his will (3) three separate occasions at (3) three separate court dates. Thus creating deficient performance on due diligence in trial preparations when Petitioner was brought to trial within the allotted six (6) month range.

Petitioner, also filed a 1983 against counselor for violating his VI Amendment right to a speedy & public trial. Thus, creating an adversarial

relationship—furthering the prejudice & deficient performance on behalf of Petitioner. Further ensuing, lack of due diligence & completely & maliciously ineffectively assisting Petitioner. Vindictiveness.

Petitioner dismissed counsel on numerous occasions. The last when Counselor finally came to see Petitioner at the Citrus County Detention Facility & has no knowledge of next court dates or any information pertaining to missing discovery material & or direction to counsel.

Petitioner, was not allowed to dismiss Counselor as presiding counsel.

After Petitioner, humbly dismissed Counselor at C.C.D.F., she in open court acted in the most unprofessional manner—as a school child literally crying to the judge & creating a bias & prejudice against Petitioner stating, "He won't talk to me". Instead of professionally stating that Petitioner has dismissed me and that there is a conflict of interest as that there is an adversarial relationship. Also waving her arms & looking around as if someone had her at gunpoint, all disheveled. Deficient Performance.

Petitioner, filed a Motion for Discovery at the very onsaught of the process & incarceration at the C.C.D.F.. Petitioner, received (2) two arrest affidavits & a score sheet of priors. No pictures, No Depositions, No Audio,

27

Nothing.

Counselor showed deficient performance & effected the total outcome by denying Petitioner complete & full particulars of discovery material. Clear Brady Violation.

Furthermore, Counselor failed to object to the evidence that the state provided at trial—was not in discovery packet. Clearly changing the entirety of the outcome & not allowing Petitioner to be able to properly prepare.

Counsel failed & showed deficient performance by neglecting to object to the amended information & the lack of new jury selection & the lack of no rearrest, nor rearraignment, or no severing of the trial for separate charge.

Petitioner, filed numerous directions to counsel, directing to file motion to suppress inadmissible intoxicated statements. Counsel failed to do so & failed to object to preserve the error. Clear deficient performance.

Also please be advised that Petitioner can not be held accountable for any lack of objections or preservations in direct appeal for the fact that he was not allowed to participate what so ever in the direct appeal process.

Nor for the fact that Petitioner, is a mere layman of the law & not a certified member of the State of Florida Bar Association.

28

Counselor clearly failed & showed deficient performance in failing to object to the entirety of an P.S.I.. Promising the Petitioner, it would not be used against him. False Statement. Nor was counsel present during interview to protect Petitioner's Rights of Miranda.

Petitioner, directed counsel to file motion to dismiss for the fact that Petitioner had been stolen from, an attempt made on his life, assaulted & only was in every legal way possible defending himself. Counsel failed to file motion.

Petitioner was offered a 5 year sentence by the State for a charge he was found to be innocent of.

Petitioner, never accepted the plea bargain due to the fact of self defense & that counsel affirmatively advised Petitioner to reject the plea. Counselor clearly stated, "There is a chance you could win." Petitioner did win on original charge. Petitioner, was unconstitutionally & illegally convicted on illegal procedural error in violation of due process & the Fla. Const. Art. I, § 15 on the amended newly added charging information, that Petitioner was never rearrested, rearraigned for, nor served for separate trial, or new jury selection.

This was not trial strategy, but unjustified confidence, & a failure to

properly advise Petitioner, that he had to accept the plea if he wanted to avoid a more lengthy prison sentence.

The fact that Petitioner, a person not trained in the law, thought he might obtain an acquittal is not dispositive, when the deficient performance is defense counsel's failure to warn of adverse consequences. Petitioner was certain to suffer should he go to trial. It is only speculation to assume— Petitioner would have continued to obstinately refuse to accept such a generous plea—if not for innocence & inadequate, & improper advisement by counsel & given the states inadmissible evidence & other evidence (which Petitioner was unconstitutionally deprived of in violation of Brady), and in spite of the weight of Petitioner's previous history, he would have accepted plea even though innocent. Which at trial he was found innocent there of on original arresting charge.

Clearly, Counselor's—failure to object to the Double Jeopardy violation is clear & deficient performance—thus ensuing in changing the entirety of the outcome.

Also it was defense counsel's professional obligation, as counsel, to properly advise Petitioner, which have removed all doubt as to whether Petitioner would have accepted the plea offer, that no rational defendant (in

30

his right, unmedicated) state of mind would refuse unless he was otherwise innocent & also improperly affirmatively advised by counsel to reject the plea & to continue to trial with the promises of a win.

Petitioner, contends that counsel provided malicious intent & ineffective assistance by coercing him, through the provision of inadequate & inaccurate legal advice; failing to provide evidence in favor of and against him, failing to file depositions & object to Brady Violations, Double Jeopardy, & fundamental error violations. Affirmatively advising Petitioner to reject a plea from the State and proceed to trial.

Counsel should have told Petitioner, "You have no—reasonable chance of winning at this trial, and if you reject the plea, you are choosing a more lengthy sentence over the one being presented by the plea. So I must urge you in the most strenuous terms to accept the plea. And if you do not, I must establish a record that your decision is against my legal advice." This was not the case.

Prosecuting Attorney's office and the Public Defender's office unconstitutionally deprived, Petitioner of complete and full particulars of the evidence against him and for his benefit of defense and better judgment.

Had Petitioner, known, counsel was going to maliciously act on behalf

31

of Prosecutor—by failing to exert due diligence to preserve his innocence and flat out lying to him—he could have signed the plea bargain for <u>no contest</u>: (no chance in hell w/o proper & effective assistance of legal counsel).

Counsel not only arrived <u>after</u> court dates to speak with Petitioner, when she did arrive she had no knowledge of Petitioner's next court dates, no trial strategy, nor depo's, nor any knowledge of the directions to counsel filed by Petitioner. Also failing to communicate via U.S.P.S.

Counselor Ed Spaight standing in for Mrs. Braddock at a status conference at the C.C.D.F., told Petitioner in open court on the pew, that he (Mr. Spaight) said, "Petitioner—had hit the man and was going to go to prison for 10-15 yrs." Mr. Spaight sat next to Petitioner at trial chastising him, when trying to object to any discrepancies. Petitioner was sentenced to 10 years as H.F.O. due to loss at trial. Petitioner was not allowed to dismiss attorneys.

During the jury selection in front of the Honorable Bruce Carney, Counselor(s) failed to object to a prejudicial statement by the judge, stating, "the trial is only going to take one day." A mere indirect message to the entire court room that Petitioner was guilty. Counsel should have moved to

32

select new jurors—period.

Counselor, Mrs. Braddock, affirmatively advised Petitioner to reject plea bargain of 5 years and <u>promised</u> Petitioner an exonerating acquittal at trial due to the lack of evidence in discovery material packet that was issued to Petitioner by Counsel. (Which counsel failed to object to all evidence presented at court that was not in discovery). Clear deficient performance. Petitioner, would have accepted the plea even though he did not hit the man and legally was in the right of self defense, for his better judgment knowing that he more than likely would not receive a fair trial due to the bias & prejudice of his history. The promise of counsel is what drove Petitioner forward.

Counselor, Mrs. Braddock, clearly acted in an unprofessional & childish manner in open court against Petitioner to the judge & jury, "That Petitioner wouldn't speak to her." Stemming from a humble dismissal, if she could not meet proper standards of due diligence & follow direction to counsel and assert due diligence in all matters concerning the preservation of Petitioner's Innocence, while at a privileged attorney/client meeting. Petitioner, was still not afforded a new counselor due to conflict/adversarial relationship).

Counselor, Mrs. Braddock clearly advised Petitioner to partake in the P.S.I. promising it would help. Improperly advising, Petitioner once again. Stating that it would not be used against Petitioner. Counselor also was not present during the interview to protect Petitioner's rights from being violated. Counselor failed in not objecting to the entirety of the P.S.I.

Petitioner's memory is not exactly clear due to the effects of the medication, but is quite certain that he was told by Counselor(s) and Judge stated that, "Petitioner had a duty to retreat"—which is false & outdated jury instruction for self defense. According to John Rynell Richards, Appellant, v. State of Florida, 39 So.3d 431, 2010 Fla.App., 9563; 35 Fla.L.Weekly D 1444 Case No. 2 D08-5553 June 30, 2010. As Petitioner previously stated —he was boxed in (entrapped) [in] the site—one way in, one way out.

Petitioner was initially assaulted (instilled fear) with a shovel being brandished as weapon first. If Petitioner had not armed himself in self defense he more than likely would be dead & buried on that construction site.

Counselor, Mrs. Braddock, failed to object to the outdated jury instruction. Clear deficient performance.

Please forgive Petitioner if any false statements are made per

34

transcript record—as he thrives on integrity & honesty. Petitioner's memory isn't that clear as he was on psychotropic medication and has no copy of transcripts.

Counselor, Mrs. Braddock failed to direct the court for a specific yet another jury trial concerning the weapon and or physical proof of the weapon.

Counselor, Mrs. Braddock failed in moving the court to sever trial for new trial for the newly fundamental error of amended information. Allowing herself & Petitioner proper time to prepare. Malicious intent against Petitioner to assure his unconstitutional conviction quicker—due to the adversarial relationship.

Conviction against Petitioner was clearly obtained by the unconstitutional failure of the Prosecution and Public Defender's office to disclose to the Petitioner evidence favorable to Petitioner. No evidence whatsoever, never appeared at all until open court at pretrial.

Counselor, Mrs. Braddock, never properly and failed to address the court and the jury that Petitioner had every right legally to defend and protect himself from harms way and or never used the stand your ground law for Petitioner's defense.

35

In fact, if Counselor had not promised acquittal; provided full and complete discovery, advised Petitioner to testify, had not improperly—advised Petitioner to reject plea, Petitioner, would have accepted the plea even though he was legally—by law—in the right to defend himself. He would have accepted due to his better judgment (which was medically impaired at the time), only concerning the bias and prejudice of his previous history.

Because of defense counsel's ineffective legal advise, Petitioner was denied the opportunity to make an informed choice. And the record shows that had he been properly informed—he would never went to trial and accepted the 5 year plea.

Petitioner, humbly seeks to move this Honorable Court to correct the manifest of injustice—to reverse and remand for a new trial, with new counsel provided, with complete and full particulars of discovery—provided as well. Even the 5 year plea with all credit for timed served in county and state. Preferably a new trial, Petitioner will be happy with justice being served and any relief that can be acquired to return sooner to society to help provide for his elderly mother & to raise his son properly in the civilized societal ways of the world.

36

When Petitioner was a child—he did childish things. When Petitioner became a man—he put childish things away. When Petitioner became a father he became a man & obligated to protection, support, love, & integrity. Petitioner, might have a previous history—but one thing about it—he is not a liar—nor will be treated as such. If Petitioner has a duty to do anything it is to be honest no matter what. Keep his honor by adhering to his word & oaths & maintaining integrity.

Thanks for your time and consideration. May the Grand Architect of this Universe—This Great State & This Glorious Nation—The Republic of the United States of America... Bless you all.

Honorably & Respectfully Submitted,

/s/_____

Kenneth McClellen Adkins—U24772
Florida State Prison—J1110S
P.O. Box 800
Raiford, FL 32083

OATH

Under penalties of perjury, I declare that, that I have read the foregoing motion and filed it pro se. Also that I understand the motion's content (to the best of my ability) and shall not be held accountable for any format errors causing a denial or rejection of the foregoing motion. I also declare that this motion is based off the only template provided by all libraries of the F.D.O.C. Also that all of the facts in the motion are true and correct to the best of Petitioner's memory.

Respectfully Submitted,

/s/_____
Kenneth McClellen Adkins—U24772 J1110S
Florida State Prison
P.O. Box 800
Raiford, FL 32083

## CERTIFICATIONS
## AND
## ACKNOWLEDGEMENT

I hereby certify that the motion is filed in Good Faith. That I have reasonable belief that the motion is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of by the court.

I hereby certify that I understand English and have read and filled out the foregoing motion, to the best of my abilities and shall not be held accountable for minor errors causing denials or rejections.

I understand that I am subject to judicial or administrative sanctions, including but not limited to forfeiture of gaintime, if this motion is found to be frivolous, malicious, not made in good faith or with reckless disregard for the truth, or an abuse of the legal process.

Respectfully Submitted,

Kenneth McClellen Adkins U24772
Florida State Prison—J1110S
P.O. Box 800
Raiford, FL 32083

39

CERTIFICATE
OF
MAILING

I hereby certify that I placed this document in the hands of an F.D.O.C. Official for mailing to the Citrus County Courthouse. The Office of the State's Attorney, and to the Public Defenders Office all located at 110 N. Apopka Ave., Inverness, FL 34450.

Respectfully Submitted,

Kenneth McClellen Adkins U24772
Florida State Prison—J1110S
P.O. Box 800
Raiford, FL 32083

40