UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH MCCLELLEN ADKINS,

    Petitioner,

v.                                               CASE NO.:   5:23-cv-490-JLB-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a state prisoner, initiated this pro se action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus on August 7, 2023.  (Doc. 1.)  Petitioner filed an amended petition on August 24, 2023.  (Doc. 4.)  The Respondent requests that this action be dismissed without prejudice because "Petitioner continues to attack his judgment in conviction in state court."  (Doc. 7 at 5.)  Despite being afforded an opportunity to do so, see Doc. 5, Petitioner did not file a reply.

Petitioner is currently pursuing remedies in state court related to the conviction and sentence being challenged in this case.[1]  In his amended petition,

---

[1] Petitioner's conviction and sentence was affirmed on August 30, 2022. Adkins v. State, 346 So. 3d 1192 (Fla. 5th DCA. 2022).  Petitioner filed a motion for postconviction relief in his criminal case in the Circuit Court for Citrus County, Florida on May 1, 2023.  (Doc. 7-1 at 492–535.)  That motion remains pending.

Petitioner concedes that he has not received a ruling on his pending postconviction motion in state court, but "do[es] not want to be time barred for not filing this in time." (Doc. 4 at 5.)

To be entitled to habeas relief, a petitioner must first satisfy the exhaustion requirement. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515–16 (1982). A claim is exhausted when it has been "fairly presented" to the highest state court with an opportunity to apply controlling legal principles to the facts bearing on the constitutional claim. Picard v. Connor, 404 U.S. 270, 275 (1971). The exhaustion requirement is not satisfied if there is a post-conviction proceeding, such as an appeal, still pending in state court. Thus, when a federal habeas petition contains claims that are still pending in the state courts, and therefore unexhausted, the petition must be dismissed in order to provide the state courts with the opportunity to resolve the pending claims. See Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983) ("The principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing the petitioners to simultaneously pursue their appeal in Florida state court and their Section 2254 petitions in federal court."); Durham v. Wyrick, 545 F.2d 41, 43 (8th Cir. 1976) (claims asserted in a federal habeas petition, which were also pending before a state court in a motion for postconviction relief, were unexhausted). In the present case, the Court concludes that this case should be dismissed considering the pending proceedings in the state court.

Accordingly, this case is dismissed without prejudice so that the state proceedings may be exhausted. Because the dismissal is without prejudice, Petitioner may file a new petition for writ of habeas corpus—not using this case number—and include the filing fee or motion to proceed in forma pauperis, if appropriate, once he has exhausted his claims.[2]

Accordingly, it is now

**ORDERED:**

1. This above-captioned case is **DISMISSED without prejudice.**

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida this 8th day of January 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA: OCAP-2
Copies: All Parties of Record

---

[2] This dismissal without prejudice is not a merit-based dismissal, but it does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). The one-year period normally runs from date upon which the conviction became final, but the time during which a "properly filed" application for state post-conviction or other collateral review is pending does not count. See 28 U.S.C. § 2244(d); Artuz v. Bennett, 531 U.S. 4, 8 (2000). The time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 181 (2001) (construing 28 U.S.C. § 2244(d)(2)). Therefore, the fact that the instant petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.